IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

EARL THIGPEN,

    Plaintiff,

v.

JAMES E. HARDIN,

    Defendant.

CIVIL ACTION NO.: 2:18-cv-52

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Central State Prison in Macon, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983, contesting the conditions of his criminal sentence. (Doc. 1.) Plaintiff also moved to procced *in forma pauperis*. (Doc. 2.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Furthermore, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## PLAINTIFF'S ALLEGATIONS[2]

In his Complaint, Plaintiff states Defendant banished him from Lowndes County, Georgia, as part of his criminal sentence and requests this Court lift his order of banishment. (Doc. 1, pp. 5–6.) Plaintiff contends banishment was not part of the plea deal he entered into in September 2008 and states Defendant has refused to lift the banishment despite Plaintiff moving for such relief. Further, Plaintiff states that his family is located in Lowndes County and that he formerly worked there. Plaintiff argues banishment deprives him of his right to see his family and has never been written into Georgia law. (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted

---

Additionally, this R&R provides Plaintiff the opportunity to amend his Complaint to correct the deficiencies noted herein. See Fed. R. Civ. P. 15. Should Plaintiff seek to amend his Complaint, he must file the amendment within **fourteen (14) days** from the date of this R&R.

[2] The below recited facts are taken from Plaintiff's Complaint, and are accepted as true, as they must be at this stage.

or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal Under the Rooker-Feldman Doctrine

In this cause of action, Plaintiff alleges that Defendant wrongly and unlawfully banished him from Lowndes County as part of his criminal sentence. (Doc. 1, pp. 5–6.) This claim implicates the conditions of his sentence and seeks this Court to essentially overturn part of a sentence imposed by the State of Georgia. As such, this Court is precluded from reviewing Plaintiff's claims by the Rooker-Feldman doctrine.

Pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Plaintiff's claims, which seek review of a state-court criminal conviction and sentence imposed against him. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, No. 15-10470, 2015 WL 5751756, at \*1 (11th Cir. Oct. 2, 2015). "Rooker-Feldman applies because, among the federal courts, Congress

authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that Rooker-Feldman precludes "state-court losers [from] complaining of injuries caused by state-court judgements rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments.")). Because Plaintiff, through this Section 1983 action, essentially asks this Court to invalidate the terms of the conviction and sentence he is currently serving at Central State Prison in Macon, Georgia, this Court lacks jurisdiction.

For these reasons, the Court should **DISMISS** Plaintiff's claims in their entirety.

## II. Dismissal under Judicial Immunity

Judicial immunity also bars Plaintiff's claims against Defendant. Congress did not abrogate the doctrine of judicial immunity when it enacted Section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."); Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in Section 1983 actions). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, a two-part test was established in Stump: (1) whether the judge dealt with the plaintiff in a judicial capacity; and (2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting

Stump, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916.

Plaintiff complains about the actions Defendant took in his capacity as a judicial official when sentencing Plaintiff as part of the criminal proceedings against him, but he fails to show Defendant acted in the clear absence of jurisdiction. As the judge who ostensibly presided over Plaintiff's criminal case, Defendant was within his subject matter jurisdiction to impose a sentence against Plaintiff upon his plea of guilty. Moreover, while Plaintiff contends banishment is unlawful in Georgia, the Supreme Court of Georgia disagrees. See Terry v. Hamrick, 663 S.E.2d 256, 258–59 (Ga. 2008) (noting "[b]anishment from various counties of this State is not prohibited by the [State] Constitution or by statute" and upholding a sentence that banished a convict from 158 of Georgia's 159 counties (citing Ga. Const. of 1983, art. I, § I, para. XXI)), *cert. denied*, 555 U.S. 1004 (2008); State v. Collett, 208 S.E.2d 472, 473 (Ga. 1974) (finding banishment from certain counties constitutional and noting that only "banishment beyond the limits of the state" is unconstitutional under Georgia law).

Consequently, because Defendant did not act in the absence of jurisdiction, judicial immunity principles provide independent, additional grounds for the Court to **DISMISS** Plaintiff's Section 1983 claims.[3]

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these

---

[3] In addition, it appears that the relief Plaintiff seeks could fall under the purview of 28 U.S.C. §§ 2241, 2254, as he challenges part of his state court conviction and sentence. When a state prisoner challenges the "fact or duration of his physical imprisonment, his sole federal remedy is a writ of habeas corpus." Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Plaintiff, however, must first exhaust his available state court remedies before a federal court can address these claims. 28 U.S.C. § 2254(c); see also O.C.G.A. § 17-10-1 (sentencing judge may alter the terms of a sentence).

issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) Furthermore, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and

---

[4] A certificate of appealability is not required in this Section 1983 action.

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. However, Plaintiff may amend the Complaint to cure any deficiencies noted in this Report and Recommendation. See Fed. R. Civ. P. 15. Should Plaintiff seek to amend the Complaint, Plaintiff must file the amended complaint within **fourteen (14) days** from the date of this Report and Recommendation.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of July, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA